**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORDIRO R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-512 |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JOHN WETZEL, MALINDA ADAMS, | ) | Re: ECF No. 216 |
| RICHARD COON, and KARAN FEATHER, | ) | |
| PHILLIP MCCRACKEN, PAMALA BEHR, | ) | |
| and EMMANUELLA FELIX | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Cordiro Brown ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution at Mercer ("SCI-Mercer"), brings this *pro se* civil rights action arising out of allegations that he is being harmfully exposed to tobacco smoke and electronic cigarettes ("e-cigarettes"), that he was exposed to COVID-19, and that prison officials retaliated against him for his complaints. ECF No. 185.

Presently before the Court is Plaintiff's Motion for Service. ECF No. 216. In the instant Motion, Plaintiff asserts that he intends to serve subpoenas on non-parties, including prison officials, other inmates, and former party Emmanuella Felix. Id. ¶ 4. Because he is an inmate, Plaintiff argues that he is unable to serve the subpoenas. Id. In order to "ensure the subpoenas are properly served," he asks the Court to order the Clerk of Court or the United States Marshal Service ("USMS") to serve any subpoenas upon non-parties to this action. Id. ¶ 3.

Upon review, the Motion is denied. Federal Rule of Civil Procedure 45 does not provide for service by the USMS or Clerk of Court with respect to civil lawsuits filed by inmates. Plaintiff cites no authority that requires the Court to order the USMS or Clerk of Court to serve subpoenas

on his behalf, or to advance any costs associated with his efforts to obtain discovery.[1]  Plaintiff

also does not identify any subpoenas that he requests to be served.  For these reasons, Plaintiff's

Motion is denied as without merit.

Accordingly, the following Order is entered:

AND NOW, this 4th day of May 2021, IT IS HEREBY ORDERED that Plaintiff's Motion

for Service, ECF No. 216, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of

the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate

rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Cordiro Brown
       LT6439
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137

---

[1]  Although some courts have interpreted 28 U.S.C. § 1915 to permit indigent litigants to request service by the USMS, Plaintiff is not proceeding *in forma pauperis* in this matter.  ECF No. 176 at 7; see, e.g., O'Brien v. Said, No. 1:18-cv-00741, 2020 WL 4570331, at *1(E.D. Cal. Aug. 7, 2020) ("Pro se litigants who proceed in forma pauperis are entitled to invoke a district court's subpoena power and have the United States Marshal serve process"); but see Peterson v. HVM LLC, No. CV 14-1137, 2018 WL 1414143, at *2 (D.N.J. Mar. 20, 2018) (rejecting notion that § 1915 requires service of subpoenas by the USMS); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 WL 5114268, at *3 (W.D. Pa. Nov. 25, 2008) (denying indigent litigant's request to direct the USMS to serve subpoenas, finding that § 1915 does not authorize payment of litigation expenses, and no other federal law authorizes courts to order the payment of federal monies for expenses in a civil suit brought by an indigent litigant).

All counsel of record via CM/ECF.