**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CORDIRO R. BROWN,                )
                                 )
       Plaintiff,            )       Civil Action No. 20-512
                                 )       District Judge Christy Criswell Weigand
         v.                )       Magistrate Judge Maureen P. Kelly
                                 )
JOHN WETZEL, MALINDA ADAMS,    )
RICHARD COON, PHILLIP MCCRACKEN,  )       Re: ECF No. 224
KARAN FEATHER, and PAMALA BEHR,   )
                                 )
       Defendants.       )
                                 )

## <u>MEMORANDUM ORDER</u>

Plaintiff Cordiro R. Brown ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution Mercer ("SCI-Mercer"), brings this *pro se* civil rights action arising out of allegations that he is being harmfully exposed to tobacco smoke and electronic cigarettes ("e-cigarettes"), that he was exposed to COVID-19, and that prison officials retaliated against him for his complaints. ECF No. 185.

On May 14, 2021, Plaintiff filed a Motion for Class Action. ECF No. 224. In the Motion for Class Action, Plaintiff seeks to have this Court "certify Covid 19 claims as a class action and consolidate any pending actions…" <u>Id.</u> at 1. In support of his motion, Plaintiff makes two arguments. First, he asserts that Defendants showed deliberate indifference to inmates at SCI-Mercer during the period March 2020 through January 2021 relative to Covid-19. Second, he alleges that Defendants thwarted inmates at SCI-Mercer from exhausting the inmate grievance procedure by engaging in conduct including: removing grievance boxes; obstructing access to

grievance boxes; failing to making grievance forms available; misrepresenting the grievance policy and by "employing a scheme as in a machinated manner." Id.

Defendants filed a response in opposition to Plaintiff's Motion for Class Action. ECF No. 227. Defendants argue that Plaintiff cannot maintain a class action because he is *pro se* and, as such, he cannot satisfy the requisite elements to maintain a class action lawsuit. Id. at 1-2. In support of their position, Defendants correctly rely on the previous decision of this Court in Pelino v. Gilmore, No. 18-1232, 2018 WL 4699944 (W.D. Pa. Oct. 1, 2018).

Rule 23 of the Federal Rules of Civil Procedure specifically requires that in order for a plaintiff to obtain class action certification, four elements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a).

As in Pelino, Plaintiff fails to satisfy at least one of the Rule 23 requisite elements. As this Court has explained:

> It is well established … that a prisoner proceeding pro se, is unable to satisfy the fourth element of a class action suit. See Awala v. New Jersey Dept. of Corrections, 227 Fed. Appx. 133, 134 (3d Cir. 2007) (affirming the District Court where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a pro se prisoner without formal training in the law. . . Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action"); Bricker v. McVey, 2009 U.S. Dist. LEXIS 30387, 2009 WL 960383 at *8 n.11 (M.D. Pa. April 7, 2009), quoting Carter v. Taylor, 540 F. Supp. 2d 522, 527 (D. Del. 2008) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'"); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner

2

> proceeding pro se is inadequate to represent the interests of his fellow
> inmates in a class action").

<u>Pelino</u>, 2018 WL 4699944, at *1 (quoting <u>Mearin v. Swartz</u>, Civ. A. No. 11-669, 2012 U.S. Dist. LEXIS 54339, at *3-4 (W.D. Pa. Apr. 18, 2012)).

Consistent with these holdings, Plaintiff, as a prisoner proceeding *pro se*, cannot meet the fourth element to obtain class certification.[1]  Accordingly, this Motion for Class Action will be denied.

In addition, Plaintiff also references "Rule 42" which the Court interprets as a reference to Federal Rule of Civil Procedure 42.  ECF No. 224 at 1.[2]  Under Federal Rule of Civil Procedure 42, the Court has "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice."  <u>Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.</u>, 775 F. Supp. 759, 761 (D. Del. 1991).  The mere existence of common issues does not, however, require the Court to consolidate two actions.  <u>Id.</u>  "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'"  <u>In re Consolidated Parlodel Litig.</u>, 182 F.R.D. 441, 444 (D. N.J. 1998) (quoting <u>Easton & Co., Mut. Benefit Life Ins. Co. v. Shearson Lehman Bros., Inc.</u>, No. 91-4012, 1992 WL 448794, at *4 (D. N.J. Nov. 4, 1992)).

As noted by Defendants, Judge Patricia Dodge of this Court recently addressed Fed. R. Civ. P. 42(a) and explained: "[i]f actions before the court involve a common question of law or

---

[1] Although Plaintiff suggests in his Reply, ECF No. 230 at 1, that he is no longer a prisoner at SCI-Mercer because he has received parole, he mailed his Reply from SCI-Mercer, he has not updated his address of record with the Court, and the Pennsylvania Department of Corrections "inmate locator" still identifies Plaintiff as an inmate at SCI-Mercer.  ECF No. 230-1; see <u>also</u> Pa.Dep't of Corrections, *available at* inmatelocator.cor.pa.gov (last visited June 16, 2021).

[2] It is noted that Plaintiff has previously filed three motions to consolidate.  ECF Nos. 9, 19 and 44.  Each of the motions has been denied.  ECF Nos. 10, 24 and 60.

fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Gholson v. Sheeder, 2019 WL 5578866, at *2 (W.D. Pa. Oct. 29, 2019) (quoting Fed. R. Civ. P. 42(a)).

In the instant case, Plaintiff requests the Court to consolidate this action with cases filed by Plaintiffs Charles Riley, Michael Balas, Jeffrey Neal, and Anthony Lacastro at Case Nos. 21-598, 21-596, 21-599, and 21-597, respectively.  ECF No. 230.  Based upon the Court's review of the dockets for each of these cases, however, all were dismissed on May 10, 2021 and are not currently pending.  Therefore, the Court finds that consolidation is not warranted.

For the reasons set forth herein, IT IS HEREBY ORDERED that the Motion for Class Action, ECF No. 224, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: June 16, 2021                                              BY THE COURT,

                                                                  */s/ Maureen P. Kelly*
                                                                  MAUREEN P. KELLY
                                                                  UNITED STATES MAGISTRATE JUDGE

4

cc:    The Honorable Christy Criswell Wiegand
       United States District Judge

       Cordiro R. Brown
       LT 6439
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137

       All counsel of record via CM/ECF.