IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CORDIRO R. BROWN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-512 |
| | ) | District Judge Christy Criswell Weigand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JOHN WETZEL, MALINDA ADAMS, | ) | |
| RICHARD COON, PHILLIP MCCRACKEN, | ) | Re: ECF No. 229 |
| KARAN FEATHER, and PAMALA BEHR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Plaintiff Cordiro R. Brown ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution Mercer ("SCI-Mercer"), brings this *pro se* civil rights action arising out of allegations that he is being harmfully exposed to tobacco smoke and electronic cigarettes ("e-cigarettes"), that he was exposed to COVID-19, and that prison officials retaliated against him for his complaints. ECF No. 185.

Presently before the Court is Plaintiff's Motion to Compel Discovery. ECF No. 229. Defendants filed a Response in opposition. ECF No. 233. Plaintiff filed a Reply. ECF No. 244. For the reasons that follow, the Motion to Compel Discovery is granted in part and denied in part.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## II. DISCUSSION

In the instant Motion to Compel Discovery, Plaintiff seeks to compel further responses to six requests for the production of documents that he served upon Defendants.

### A. Request for Production No. 2

In Request for Production No. 2, Plaintiff seeks the production of SCI-Mercer's "stool report" for 2021. ECF No. 229-1 ¶ 2. In a prior filing, Plaintiff previously described this report as a "COVID test with the stool, or waste from SCI-Mercer," which Plaintiff believes will

demonstrate "unreasonabl[y] high levels of COVID from SCI-Mercer that is different from what was or is reported." ECF No. 188 ¶¶ 3-4. Defendants have objected to producing this report as "irrelevant, overly broad, unduly burdensome and not proportional to the needs of the case." ECF No. 229-1 ¶ 2.

In support of the instant Motion, Plaintiff argues that Defendants never claimed the report was not discoverable in response to Plaintiff's previous request to preserve this evidence. ECF No. 229 ¶ 3; see also ECF Nos. 188, 198 and 200. He also argues that Defendants' objections lack merit because the report is relevant and proportional. Id. ¶ 4. In response, Defendants argue they never admitted the waste report should be produced—only that it could be requested through discovery, and that they otherwise stand on their objections. ECF No. 233 ¶ 4.

Upon review, the DOC's COVID-19 wastewater report(s) relative to SCI-Mercer must be produced for the relevant time period. On its website, the Pennsylvania Department of Corrections ("DOC") indicates that it is currently testing the wastewater at all state prisons to monitor the influx in the COVID-19 viral load, and it posts this data on its website.[1] This report speaks to the DOC's knowledge regarding the extent to which COVID-19 is spreading in its facilities, and it is potentially relevant to Plaintiff's Eighth Amendment claim. Defendants proffer no substantive argument to support their objections to Plaintiff's request, including why it arguably would be "unduly burdensome" to produce data that the DOC makes publicly available. Accordingly, the Motion to Compel Discovery is granted with respect to Request for Production No. 2. Defendants must produce the report on or before July 27, 2021.

---

[1] Pennsylvania Department of Corrections, available at https://www.cor.pa.gov/Pages/COVID-19.aspx (last visited July 1, 2021); see also https://www.cor.pa.gov/Documents/WW-Report.pdf (last visited July 1, 2021).

### B. Requests for Production Nos. 3 and 4

In Requests for Production Nos. 3 and 4, Plaintiff seeks documents relative to SCI-Mercer's COVID-19 protocols for inmates and staff. ECF No. 229-1 ¶¶ 3-4. Defendants have objected to producing these documents on the grounds that it is unclear specifically what Plaintiff is requesting relative to "COVID precaution or procedure[s] for staff and inmates," that his request is unduly broad, unduly burdensome, and not proportional to the needs of the case, and that given the evolution of COVID-19 and continuing changes to health guidance, "the protocols and procedures are voluminous, spanning thousands of pages." Id.

In support of the instant Motion, Plaintiff argues that officials are required to make SCI-Mercer policies and procedures available in the housing units and prison law libraries, and Defendants have improperly refused to produce these documents. ECF No. 229 ¶ 6. In response, Defendants argue that responsive documents would be "voluminous" and "not intended for distribution to the inmate population." ECF No. 233 ¶ 5. Moreover, any relevant information has been provided to inmates via inmate bulletins, fireside chats, and townhall meetings. Id.

Upon review, the Motion to Compel is granted in part with respect to Requests for Production Nos. 3 and 4. There is no dispute that certain policies/procedure relative to mitigating the risk of exposure of COVID-19 at SCI-Mercer can be, and have been, made available to inmates without implicating security concerns, and are relevant to Plaintiff's claims. Therefore, the Court finds that Defendants must produce any such documents for the time period of March 2020 until the date of Plaintiff's diagnosis with COVID-19. Such documents must be produced on or before July 27, 2021.

### C. Requests for Production Nos. 5 and 6

In Requests for Production No. 5 and 6, Plaintiff requests emails between Defendant Pamela Behr, from the Office of the Victim Advocate, and officials at SCI-Mercer, regarding a cease communication order involving the victim of his crime, Emanuella Felix ("Felix"), and misconducts that he received. Plaintiff also requests communications from Felix regarding the cease communication order. ECF No. 229-1 ¶¶ 5-6.

Defendants have objected to producing these documents, asserting they are privileged, confidential, not relevant, and not proportional to the needs of the case. Id. In response to the instant Motion, Defendants further refer the Court to 61 Pa. C.S. § 5906, which provides that "statements or testimony of the victim and of any family member submitted to the department" shall be deemed confidential and privileged, and they are not subject to discovery or permitted to be released to the inmate. ECF No. 233 ¶ 5. In his Reply, Plaintiff argues that Behr's communications are not covered by Section 5906, and that Defendants have waived any privilege by providing him with other communications from Behr. ECF No. 244 ¶ 3.

Upon review, the Motion to Compel is denied with respect to Request for Production Nos. 5 and 6. Plaintiff does not establish the purported relevance of these documents to his claims. Moreover, Defendants are prohibited from providing Plaintiff with any statements that Felix submitted to the Department of Corrections under 61 Pa. C.S. § 5906.

### D. Request for Production No. 9

In Request for Production No. 9, Plaintiff requests to view certain CCTV prison surveillance videos. ECF No. 229-1 ¶ 9. In response, Defendants instructed Plaintiff to make arrangements through the "Superintendent's Assistant" in order to watch the videos. Id.

In support of the instant Motion, Plaintiff argues that he has not been allowed to see the videos he requested, despite the fact that he spoke with "Roth" and "Franz" about doing so. ECF No. 229 ¶ 10; ECF No. 244 ¶ 4. In response to Plaintiff's Motion, Defendants argue that Plaintiff never contacted the Superintendent's Assistant in order to watch the videos, as he was instructed. ECF No. 233 ¶ 7. Defendants do not identify who the Superintendent's Assistant is or how to reach this individual, expect to suggest that it is not Lieutenant Roth, who denies receiving any request from Plaintiff regarding the videos. Id.

Upon review, there is no dispute that Plaintiff is entitled to the videos he requested. Defendants therefore must provide an available time and place for Plaintiff to access the videos. Accordingly, the Motion is granted to the extent that Defendants are required to provide a time and place for Plaintiff to watch the CCTV videos he identified in Request for Production No. 9, on or before July 27, 2021.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's Motion to Compel Discovery. Plaintiff's requests for costs and a hearing are denied.[2]

### ORDER

IT IS HEREBY ORDERED that the Motion to Compel Discovery, ECF No. 229, is granted in part and denied in part. With respect to Request for Production No. 2, Defendants must produce the DOC's COVID-19 wastewater report(s) relative to SCI-Mercer. With respect to Request for Production Nos. 3 and 4, Defendants must produce any SCI-Mercer policies and/or procedures relative to mitigating the risk of exposure to COVID-19 in place from March

---

[2] In his Reply in support of his Motion, Plaintiff newly requests that the Court stay discovery relative to his COVID and retaliation claims. ECF No. 244 ¶ 6. Because Plaintiff does not request this relief in his underlying Motion, the Court does not address this request. If Plaintiff wishes to move for a stay of discovery or this case, he must file a separate motion requesting this relief.

2020 through the date of Plaintiff's diagnosis with COVID-19, and which have been made available to inmates. Finally, Defendants also must provide a time and place for Plaintiff to view the CCTV videos identified in Request for Production No. 9 by July 27, 2021. The Motion to Compel is denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: July 9, 2021          BY THE COURT,

                               */s/ Maureen P. Kelly*
                               MAUREEN P. KELLY
                               UNITED STATES MAGISTRATE JUDGE


cc:     The Honorable Christy Criswell Wiegand
        United States District Judge

        Cordiro R. Brown
        LT 6439
        SCI Mercer
        801 Butler Pike
        Mercer, PA 16137

        All counsel of record via CM/ECF.