IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CORDIRO R. BROWN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-512 |
| | ) | District Judge Christy Criswell Weigand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JOHN WETZEL, MALINDA ADAMS, | ) | |
| RICHARD COON, PHILLIP MCCRACKEN, | ) | Re: ECF No. 253 |
| KARAN FEATHER, and PAMALA BEHR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM ORDER**

Plaintiff Cordiro R. Brown ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution Mercer ("SCI-Mercer"), brings this *pro se* civil rights action arising out of allegations that he is being harmfully exposed to tobacco smoke and electronic cigarettes ("e-cigarettes"), that he was exposed to COVID-19, and that prison officials retaliated against him for his complaints. ECF No. 185.

Presently before the Court is Plaintiff's Motion to Consolidate.[1] ECF No. 253. In the instant Motion, Plaintiff again requests that the Court consolidate this action with another case pending in this Court, Anthony Lacastro v. John Wetzel, et al., No. 21-cv-597 (W.D. Pa. July 12, 2021). Lacastro arises out of claims that officials at SCI-Mercer did not sufficiently mitigate the risk of exposure to COVID-19, and it includes three of the same Defendants (Melinda Adams, John Wetzel, and Karen Feather) who are named in this action. Id. at ECF No. 9. As such,

---

[1] This is Plaintiff's fourth motion to consolidate, and it is his second request to consolidate this action with Lacastro. ECF Nos. 9, 19, 44 and 224. Each of the previous motions has been denied. ECF Nos. 10, 24, 60 and 234. The Court previously denied Plaintiff's request to consolidate his action with Lacastro and several other actions because those cases were not currently pending. ECF No. 234 at 4.

Plaintiff argues the two actions arise out of common questions of law and fact, and they should be consolidated.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); see also Gholson v. Sheeder, 2019 WL 5578866, at *2 (W.D. Pa. Oct. 29, 2019) (quoting Fed. R. Civ. P. 42(a)).

The Court has "broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F. Supp. 759, 761 (D. Del. 1991). The mere existence of common issues does not, however, require the Court to consolidate two actions. Id. "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D. N.J. 1998) (quoting Easton & Co., Mut. Benefit Life Ins. Co. v. Shearson Lehman Bros., Inc., No. 91-4012, 1992 WL 448794, at *4 (D. N.J. Nov. 4, 1992)).

Upon review, consolidation is not appropriate. Plaintiff's claims have been pending for over a year. There have been over 250 filings in this action, and the Court has resolved a multitude of motions relative to Plaintiff's claims. The parties have nearly completed fact discovery, which is scheduled to conclude by August 2, 2021. ECF No. 218. As such, the litigation has substantially progressed.

Lacastro, by contrast, is at a preliminary stage. Lacastro's Complaint was just filed on July 12, 2021. Defendants have not been served, and no Defendant has entered an appearance or filed any responsive pleading or Rule 12 motion.

Because these cases are not similarly situated procedurally, the Court finds that consolidation will not serve the interest of judicial economy, and it is likely to result in prejudice or undue delay.

For the reasons set forth herein, IT IS HEREBY ORDERED that the Motion for Consolidation, ECF No. 253, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: July 14, 2021                                BY THE COURT,

                                                    */s/ Maureen P. Kelly*
                                                    MAUREEN P. KELLY
                                                    UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Cordiro R. Brown
LT 6439
SCI Mercer
801 Butler Pike
Mercer, PA 16137

All counsel of record via CM/ECF.