IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORDIRO R. BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN WETZEL, MALINDA ADAMS, ) <br> RICHARD COONEY, KARAN FEATHER, ) <br> PHILLIP MCCRACKEN, PAMALA BEHR, ) <br> ) <br> Defendants. ) <br> ) | 2:20-CV-00512-CCW-MPK |

## MEMORANDUM ORDER

**I.    Background and Standard of Review**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

At issue are several motions for reconsideration and appeals to the district court filed by Plaintiff Cordiro Brown regarding non-dispositive orders issued by Magistrate Judge Kelly. Mr. Brown seeks reconsideration of and/or appeals certain orders as follows:

- Appeals of Denials of Motion to Appoint Counsel, *see* ECF Nos. 209, 226, 254, and 267;
- Motions for Reconsideration of Denial, in Part, of Motion to Compel Discovery, *see* ECF Nos. 259 and 262;
- Motion for Reconsideration of Denial, Without Prejudice, of Motion for Summary Judgment, *see* ECF No. 250; and
- Appeal of Denial of Motion for Evidentiary Hearing, *see* ECF No. 254.

Whether styled as a motion for reconsideration or an appeal to the district court, Mr. Brown's filings ask the Court to review non-dispositive orders issued by a magistrate judge pursuant to 28

U.S.C. § 636 and LCvR 72; *see also Derzack v. County of Allegheny*, 173 F.R.D. 400, 403 (W.D. Pa. 1996) (discussing standard of review for reconsideration of non-dispositive matters under (b)(1)(A) and de novo review of dispositive matters under (b)(1)(B) and (C)) (quoting *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). Furthermore, because Magistrate Judge Kelly denied Mr. Brown's Motion for Summary Judgment without prejudice, on the sole ground that it was prematurely filed and without in any way reaching the motion's merits, *see* ECF No. 238 (ordering, in relevant part, that "the Motion for Summary Judgment is denied without prejudice to refile following the completion of fact discovery"), the Court considers that order to be non-dispositive as well.

The standard of review governing an appeal to the district court of a magistrate judge's non-dispositive order is clear: "a '[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is "clearly erroneous or contrary to law."'" *Huertas v. Beard*, Case No. 1:10-cv-10-SJM-SPB, 2012 U.S. Dist. LEXIS 105631, W.D. Pa. Jul. 30, 2012) (quoting *Jackson v. Chubb Corp.*, 45 Fed. Appx. 163, 166 (3d Cir.2002)); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law."); LCvR 72.C.2 ("The District Judge assigned to the case shall consider the objections and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."). Thus, "[u]nder (b)(1)(A), the standard of review is circumscribed. The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law." *Derzack* 173 F.R.D. at 403 (quoting *Haines*, 975 F.2d at 91).

**II.     Discussion**

    **A.     Appeal of Orders Denying Motions to Appoint Counsel**

In total, Mr. Brown has, to date, filed six separate motions for the appointment of counsel. *See* ECF Nos. 84, 155, 201, 221, 240, and 252.  Magistrate Judge Kelly has denied, without prejudice, each of Mr. Brown's motions for the appointment of counsel.  *See* ECF Nos. 93, 165, 206, 223, 247, 255.  At issue here, Mr. Brown has appealed four of these denials.  *See* ECF Nos. 209 (appealing ECF No. 206), 226 (appealing ECF No. 223), 254 (appealing ECF No. 247), and 267 (appealing ECF No. 255).  In each appeal, Mr. Brown contends that Magistrate Judge Kelly abused her discretion by declining to appoint counsel.

Having reviewed the filings listed above, the Court concludes that Mr. Brown has not demonstrated that Magistrate Judge Kelly's orders declining to appoint counsel were either clearly erroneous or contrary to law.  Specifically, the Court finds that, after weighing the factors that courts should consider in determining whether to appoint counsel to represent indigent litigants, as articulated in *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993), and *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997), Magistrate Judge Kelly concluded that the relevant factors do not weigh in favor of appointing counsel for Mr. Brown.  Accordingly, Mr. Brown's Appeals of Orders Denying his Motions to Appoint Counsel, ECF Nos. 209, 226, 254, and 267, will be DENIED.

    **B.     Motions for Reconsideration of Order Denying, in Part, Motion to Compel Discovery**

At the outset, the Court notes that ECF Nos. 259 and 262, in which Mr. Brown seeks reconsideration of Magistrate Judge Kelly's denial, in part, of his Motion to Compel, *see* ECF Nos. 229 (Motion to Compel) and 251 (Order), appear to be copies of the same filing.  Whether or not ECF Nos. 259 and 262 are, in fact, identical, both contend that Magistrate Judge Kelly erred by concluding that (1) as the party seeking to compel discovery, Mr. Brown failed to establish the

relevance of Requests for Production Nos. 5 and 6, and that (2) in any event defendants are prohibited from producing any statements submitted by Emanuella Felix (the victim of Mr. Brown's crime) pursuant to 61 Pa. C.S. § 5906. *See* ECF No. 251 at 5 (denying motion to compel with regard to Requests for Production Nos. 5 and 6); ECF No. 259 at 2.

With respect to discovery disputes, "a '[d]istrict [c]ourt may reverse a magistrate judge's ruling regarding a non-dispositive issue such as discovery only if it is 'clearly erroneous or contrary to law.'" *Huertas*, 2012 U.S. Dist. LEXIS 105631, at *5–*6 (quoting *Jackson*, 45 Fed. Appx. at 166). As such, "'[d]istrict courts provide magistrate judges with particularly broad discretion in resolving discovery disputes.'" *Huertas*, 2012 U.S. DIst. LEXIS 105631 at *6 (quoting *Halsey v. Pfeiffer*, No. 09-1138, 2010 U.S. Dist LEXIS 97590, at *3 (D.N.J. Sept.17, 2010)). Thus, "[u]nder the 'clearly erroneous' standard, a magistrate judge's discovery ruling 'is reversible only for abuse of discretion.'" *Id.* (quoting *Halsey*, 2010 U.S. Dist. LEXIS 97590, at *3).

Having reviewed the relevant filings—i.e. Mr. Brown's Motion to Compel (ECF No. 229); Defendants' Response (ECF No. 233); Mr. Brown's Reply in Support (ECF No. 244); Magistrate Judge Kelly's Memorandum Order (ECF No. 251); and Mr. Brown's Motions for Reconsideration (ECF Nos. 259 and 262)—the Court concludes that it was neither an abuse of discretion nor contrary to law for the Magistrate Judge to deny Mr. Brown's Motion to Compel with respect to Requests for Production Nos. 5 and 6. As such, Mr. Brown's Motions for Reconsideration at ECF Nos. 259 and 262 will be DENIED.

### C. Motion for Reconsideration of Order Denying, Without Prejudice, Motion for Summary Judgment

Next, Mr. Brown seeks reconsideration Magistrate Judge Kelly's denial, without prejudice, of his Motion for Summary Judgment. *See* ECF Nos. 235 (Motion for Summary Judgment), 238 (Order denying Motion for Summary Judgment), and 250 (Motion for Reconsideration). In short,

and as noted above, Magistrate Judge Kelly denied Mr. Brown's summary judgment motion without reaching the merits and on the sole ground that it was prematurely filed. *See* ECF No. 238. Mr. Brown argues that this denial was improper because the operative case management order, ECF No. 218, can be read as allowing Mr. Brown to file a motion for summary judgment at any time "on or before September 1, 2021." *See* ECF No. 250 at 1–2. In the alternative, Mr. Brown requests that the Court either "vacate ECF 238, [and] stay ECF 235 until 9-1-21" or "Return Plaintiff's filing related to ECF 235 motion, material facts (w[ith] exhibits), brief."

"A court has 'wide discretion to manage its docket.'" *Sokol v. Clark,* Civil Action No. 16-1477, 2018 U.S. Dist. LEXIS 29247, at *4 (W.D. Pa. Feb. 23, 2018) (quoting *N'Jai v. Bentz*, No. 13-CV-1212, 2016 U.S. Dist. LEXIS 78029, at *8 (W.D. Pa. June 14, 2016)). Thus, challenges to scheduling-related orders are reviewed under an abuse of discretion standard and "a trial court's control of its docket will not be disturbed 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.' *Sokol*, 2018 U.S. Dist. LEXIS 29247, at *4–*5 (quoting *Miller v. Ashcroft*, 76 Fed. Appx. 457, 461 (3d Cir. 2003)).

Here, Magistrate Judge Kelly denied Mr. Brown's Motion for Summary Judgment without prejudice as "prematurely filed." *See* ECF No. 238. This was clearly a docket-control measure. That is, although the operative Case Management Order is capable of being read as Mr. Brown suggests in his Motion for Reconsideration, the intent of the scheduling order appears to be that the parties would complete discovery (scheduled to close on August 2, 2021) and then file pretrial statements and dispositive motions.

Thus, the denial of Mr. Brown's Motion for Summary Judgment was not an abuse of discretion. Furthermore, and especially in light of Mr. Brown separately seeking, and Magistrate Judge Kelly directing, that copies of his summary judgment filings be sent to him (among other

documents), *see* ECF Nos. 260 and 261, the denial of his Motion for Summary Judgment has not resulted in any actual or substantial prejudice to Mr. Brown. In short, the Court concludes that Magistrate Judge Kelly's order was neither clearly erroneous, nor was it contrary to law. As such, Mr. Brown's Motion for Reconsideration, ECF No. 250, will be DENIED.

### D. Appeal of Denial of Motion for Evidentiary Hearing

Finally, Mr. Brown contends that Magistrate Judge Kelly erred by denying his request for an evidentiary hearing. *See* ECF Nos. 239 (Motion for Evidentiary Hearing), 246 (Order denying ECF No. 239), and 254 at 2–3 (Appeal). In short, Mr. Brown, who stated in his Motion for Evidentiary Hearing that he has been accused of attempting to present falsified evidence in the past, *see* ECF No. 239 at ¶ 2, sought a hearing to present evidence he proposed to submit in support of summary judgment and/or at trial for the sole purpose of allowing the court and Defendants to ascertain the authenticity of such evidence. *See id.* at ¶¶ 3–6.

Magistrate Judge Kelly denied Mr. Brown's request via text order, noting that

> Upon review, the relief that Plaintiff seeks is improper. The Court will review evidentiary materials submitted in connection with summary judgment motions at the appropriate time, in accordance with the applicable Rules of Civil Procedure and the Case Management Order. It is not necessary for the Court to conduct a hearing in order for Plaintiff to provide any such materials to Defendants' counsel.

ECF No. 246. As noted above, "[a] court has 'wide discretion to manage its docket.'" *Sokol,* 2018 U.S. Dist. LEXIS 29247, at *4 (citation omitted). Accordingly, even if, as Mr. Brown asserts in his appeal, such a hearing is "necessary to prevent any delay or costs related to motions to strike or motions for sanctions," *see* ECF No. 254 at 3, the Court will not disturb the Magistrate Judge's docket control order "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Id.* at *4–*5 (citation omitted). Here, the Magistrate Judge appropriately

6

indicated that she will consider evidence in support of Plaintiff's motion for summary judgment at the time she considers the motion and supportive briefing. Here, Mr. Brown has not made the showing required to disturb the magistrate judge's denial of his request for an evidentiary hearing. Therefore, Mr. Brown's Appeal at ECF No. 254 of the denial of his Motion for Evidentiary Hearing, will be DENIED.

### III.    Conclusion

For the foregoing reasons, Mr. Brown's motions for reconsideration and appeals to the district court, ECF Nos. Appeals of Denials of Motion to Appoint Counsel, *see* ECF Nos. 209, 226, 250, 254, 259, 262, and 267, are hereby DENIED.

IT IS SO ORDERED.

DATED this 23rd day of July, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

7