**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORDIRO R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-512 |
| | ) | District Judge Christy Criswell Weigand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| JOHN WETZEL, MALINDA ADAMS, | ) | |
| RICHARD COON, PHILLIP MCCRACKEN, | ) | Re: ECF No. 280 |
| KARAN FEATHER, and PAMALA BEHR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Plaintiff Cordiro R. Brown ("Plaintiff"), an individual formerly incarcerated at the State Correctional Institution Mercer ("SCI-Mercer"), brings this *pro se* civil rights action arising out of allegations that he was harmfully exposed to tobacco smoke and electronic cigarettes ("e-cigarettes"), that he was exposed to COVID-19, and that prison officials retaliated against him for his complaints.  ECF No. 185.

Presently before the Court is Plaintiff's seventh Motion for Sanctions.  ECF No. 280.[1]  In the instant Motion, Plaintiff argues that Defendants did not comply with this Court's Order granting in part Plaintiff's Motion to Compel Discovery, ECF No. 251.  In that Order, the Court required Defendants to produce three categories of documents: (1) the Department of Corrections' ("DOC") wastewater reports relative to SCI-Mercer for the relevant time period; (2) certain SCI-Mercer policies and procedures relative to mitigating the risk of exposure to COVID-19 in place from March 2020 through the date of Plaintiff's diagnosis with COVID-19;

---

[1] Plaintiff previously filed motions for sanctions at ECF Nos. 85, 88, 131, 133, 187 and 257.  The Court has denied all of Plaintiff's prior requests.  ECF No. 99, 148, 193 and 263.

and (3) certain CCTV videos, which the Court required Defendants to make available to Plaintiff to view.  Id. at 6-7.

On July 21, 2021, Defendants filed a Motion for Clarification relative to the Court's Order at ECF No. 251.  ECF No. 265.  In their Motion for Clarification, Defendants requested leave to produce relevant data from the wastewater reports in the form of a spreadsheet; they informed the Court and Plaintiff that documents were being collected for production relative to SCI-Mercer's COVID-19 protocols; and they requested further direction regarding the CCTV videos, which DOC staff claimed to have made available to Plaintiff, but reported that he chose not to watch all of the footage.  Id.

Plaintiff filed a response to the Motion for Clarification on July 27, 2021, arguing that Defendants should be required to produce the wastewater reports in their original form and disputing that he was given enough time to watch all of the CCTV videos.  ECF No. 275.

The Court granted Defendants' Motion for Clarification on August 3, 2021, holding that (1) Defendants are permitted to produce data from the SCI-Mercer wastewater reports from the time period December 7, 2020 through March 23, 2021 in the form of a spreadsheet; and (2) to the extent Plaintiff claims he did not have an opportunity to view certain CCTV videos encompassed by the Court's prior Order, ECF No. 251, due to the time limitations, he is directed to notify the DOC's counsel in writing of the specific videos he wishes to view, and the DOC must make those videos available for Plaintiff to review in additional segment(s) of 2.5 hours. ECF No. 279 at 3.

Plaintiff mailed the instant Motion on August 3, 2021, before the Court ruled on Defendants' Motion for Clarification.[2]  ECF No. 280-4.  In his Motion, Plaintiff argues that

---

[2] Plaintiff's Motion for Sanctions was not received and filed, however, until after the Court's Order at ECF No. 279 was entered.

Defendants should be sanctioned under Federal Rule of Civil Procedure 37 for willfully failing to comply with the Court's Order to produce documents discussed in Defendants' Motion for Clarification.  ECF No. 280 ¶ 10.  Plaintiff argues that he has not yet received all of the wastewater reports or all of SCI-Mercer's COVID-19 protocols and procedures.  Id. ¶¶ 7-9.  Plaintiff also asserts that he was not provided sufficient opportunity to view all of the CCTV video footage he wished to see.  Id.

Based on this, Plaintiff requests the Court to impose the following sanctions: a $2,000.00 fine payable to him; requiring Defendants to produce the documents at issue in his Motion; requiring Defendants' counsel to handwrite all of her filings; entry of default judgment; and striking Defendants' affirmative defense(s) to Plaintiff's COVID-19 claim.  Id. at 4.

The Court ordered Defendants to file a response addressing whether they have complied with the Court's Order relative to SCI-Mercer's COVID-19 policies and procedures.  ECF No. 283.  In their Response, Defendants argue the Motion for Sanctions should be denied because Plaintiff did not comply with the notice provisions of Federal Rule of Civil Procedure 11.  ECF No. 284 ¶ 3.  Defendants also assert that they provided SCI-Mercer's COVID-19 policies and procedures that were made available to inmates, including recordings of the "fireside chats" discussing COVID-related procedures; and that Plaintiff has also been provided with copies of all videos he asked to be preserved during the course of this litigation.  Id. ¶ 4.

Upon review, the Motion is denied.  Under Federal Rule of Civil Procedure 37(b), the Court may impose sanctions for failing to obey an order to provide or permit discovery.  In this case, the record does not establish that Defendants failed to comply with any discovery order.

Regarding Defendants' purported failure to produce wastewater reports, the Court specifically addressed this issue in its August 3, 2021 Order at ECF No. 279.  Under this Order,

3

the Court permitted Defendants to produce relevant wastewater data in the form of a spreadsheet, instead of producing the actual reports. Defendants' purported failure to produce the reports, then, is not a basis for imposing sanctions.

With respect to the CCTV videos, this issue was also addressed in the Court's August 3, 2021 Order. Plaintiff mailed the instant Motion before receiving, and thus complying with, the Court's directive to notify Defendants' counsel in writing of any videos he wished to see so that Defendants could make those videos available. Moreover, upon Plaintiff's release from prison, he has since received copies of all of the videos at issue. Thus, there is also no basis for imposing sanctions as to the CCTV videos.

Finally, to the extent Plaintiff argues that Defendants failed to produce "thousands of pages" of documents relative to SCI-Mercer's COVID-19 policy and procedures, the Court notes that it did not require Defendants to make such a production. Defendants' reference to "thousands of pages" referred to what would be required to comply with Plaintiff's discovery request as he originally framed it. ECF No. 229-1 ¶ 3. But the Court did not require Defendants to comply with Plaintiff's request as stated; instead, it only required Defendants to produce COVID-19 policies and procedures that had been made available to inmates. ECF No. 251 at 6-7. According to their Response, Defendants have produced the documents required by the Court's Order. For these reasons, the Motion for Sanctions is without merit and is denied.

WHEREFORE, this 23rd day of August, 2021, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions, ECF No. 280, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any

4

appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: August 23, 2021                                    BY THE COURT,

                                                          */s/ Maureen P. Kelly*
                                                          MAUREEN P. KELLY
                                                          UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Christy Criswell Wiegand
         United States District Judge

         Cordiro R. Brown
         Self Help
         2600 Southampton Road
         Philadelphia, PA 19116-1527

         All counsel of record via CM/ECF.

5